**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMENIO HUERRA, | Case No. 1:11-cv-001911-SKO-HC |
| Petitioner, | ORDER DISREGARDING OBJECTIONS (DOC. 21) |
| v. | ORDER DISMISSING AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 21) |
| TIMOTHY BUSBY, Warden, | ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his criminal convictions on grounds of insufficient evidence and unfair jury instructions.

I.   Background

On July 28, 2014, the Court ordered that the petition be denied and judgment be entered for Respondent; judgment was entered, and copies of the orders were served on Petitioner by mail directed to the address listed in the docket.  (Docs. 19-20.)

On September 15, 2014, Petitioner filed a document which he labelled as objections to the Magistrate Judge's findings and

1

recommendations.  However, the Court's denial of Petitioner's petition was in the form of an order, not findings and recommendations.  (Doc. 19.)  This is because pursuant to 28 U.S.C. 636(c)(1), the parties had consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives.  Petitioner filed his consent on December 5, 2011, and Respondent filed his consent on December 16, 2011.  (Docs. 8 & 10.)

In the document filed on September 15, 2014, Petitioner challenges the Court's decision on the merits of his petition. Petitioner thus appears to seek reconsideration of the judgment.

Petitioner was convicted based on the testimony of the victim, Petitioner's housemate, who testified that after a verbal confrontation at a social gathering, Petitioner left and returned with a small knife he appeared to have retrieved from his vehicle. Petitioner used the knife to stab the victim twice.  The evidence before the jury included the testimony of law enforcement officers that Petitioner had admitted in an interview that he had wanted to kill the victim when Petitioner left to obtain knife as well as when he returned with it.

Petitioner argues that there was no evidence of an intent to kill because Petitioner was intoxicated, used a small paring knife, inflicted a wound that took only two stitches, and desisted after two ineffectual attempts.  Petitioner's admission to law enforcement that he had wanted to kill the victim was unreliable evidence because it was made when Petitioner was intoxicated, and it was not

2

recorded.  It was also made without advisement of Petitioner's
rights or after Petitioner had invoked his right to remain silent
and thus was taken in violation of his Fifth Amendment rights.
Petitioner contends the prosecutor engaged in misconduct by
knowingly presenting the allegedly false testimony of the officers,
which was harmful because the jury did not hear testimony from
Petitioner that would have showed the attack was provoked,
unplanned, unsupported by a motive, and undertaken with an
inappropriate weapon.  Petitioner argues that his right to the
effective assistance of counsel was violated when his counsel failed
to try to exclude the officers' testimony of Petitioner's admission
and failed to argue or instruct on a defense of heat of passion
based on a verbal confrontation between the victim and Petitioner,
the victim's alleged aggression by lunging toward Petitioner, and
Petitioner's allegedly reasonable response of using only enough
force to be able to escape from the victim, who had overpowered
Petitioner.  Petitioner argues it was unreasonable for the jury to
conclude that Petitioner acted out of national pride, as had been
argued by the prosecution.

    II.  Motion for Reconsideration

    A motion for reconsideration is treated as a motion to alter or
amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the
time limit set by Rule 59(e).  United States v. Nutri-cology, Inc.,
982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a
motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment
or order.  American Ironworks & Erectors, Inc. v. North American
Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).  A motion to
alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be

3

filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Here, Petitioner's motion for reconsideration was constructively filed on September 11, 2014.  (Doc. 21 at 13-14.)[1] Thus, it was served more than twenty-eight days after the entry of judgment on July 28, 2014.  Accordingly, the Court will not consider the motion pursuant to Rule 59(e).

### A.  Motion for Relief pursuant to Rule 60(b)

To the extent that Petitioner's motion is considered as a motion for reconsideration, Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by

---

[1] Dates of filing are calculated pursuant to the "mailbox rule."  Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing.  The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage.  Id.  Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state petitions alike.  Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed.  Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d at 1058-59; Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001).  The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

A motion for reconsideration under Rule 60(b)(6) will not be granted unless the movant shows extraordinary circumstances justifying relief. Gonzalez v. Crosby, 545 U.S. at 536.

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for

5

reconsideration is made upon the same or any allegedly different set
of facts, counsel shall present to the Judge or Magistrate Judge to
whom such subsequent motion is made an affidavit or brief setting
forth the material facts and circumstances surrounding each motion
for which reconsideration is sought, including information
concerning the previous judge and decision, new or different facts
or circumstances that are claimed to exist which did not exist or
were not shown in the prior motion, what other grounds exist for the
motion, and why the facts or circumstances were not previously
shown.

          B.  Successive Petition

     The Court notes initially that Petitioner's motion itself may
be considered a prohibited successive petition.

     Section 2244(b) requires dismissal of claims raised in an
unauthorized successive habeas corpus application.  Rule 60(b)
generally applies to habeas corpus proceedings only to the extent it
is not inconsistent with applicable federal statutes and rules.
Gonzalez v. Crosby, 545 U.S. at 529-36 (holding that § 2244(b)'s
limitation on successive petitions did not bar a Rule 60(b) motion
challenging a ruling that a § 2254 petition was untimely).  A
"habeas corpus application" within the meaning of § 2244(b) is a
filing that contains a "claim," which in this context is an asserted
federal basis for relief from a state court's judgment of
conviction.  Id. at 530.  Thus, § 2244(b) requires dismissal of an
attack on a federal court's previous resolution of a claim on the
merits, or an attempt to add a new ground for relief, a claim based
on newly discovered evidence, or a claim based on a change in the
law.  Id. at 531-32.  However, when a Rule 60(b) motion attacks some

defect in the integrity of the federal habeas proceedings, such as fraud on the court, failure to exhaust state court remedies, procedural default, or untimeliness, it does not constitute a habeas corpus application and is not subject to the limitation against successive petitions.  Id. at 532-33.

Here, Petitioner's petition challenged his criminal conviction, and it was denied on the merits.  Petitioner's post-judgment application raises claims for relief from the state judgment of conviction.  Thus, any motion for reconsideration of such claims would be barred as successive and should be dismissed.

If Petitioner's motion is properly considered pursuant to Rule 60(b), the Court concludes that Petitioner has not shown any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason justifying relief from the operation of the judgment.  Petitioner's motion may be denied.

III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that

1  reasonable jurists could debate whether the petition should have
2  been resolved in a different manner or that the issues presented
3  were adequate to deserve encouragement to proceed further. <u>Miller-</u>
4  <u>El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S.
5  473, 484 (2000)).  A certificate should issue if the Petitioner
6  shows that jurists of reason would find it debatable whether: (1)
7  the petition states a valid claim of the denial of a constitutional
8  right, and (2) the district court was correct in any procedural
9  ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

10      In determining this issue, a court conducts an overview of the
11  claims in the habeas petition, generally assesses their merits, and
12  determines whether the resolution was debatable among jurists of
13  reason or wrong. <u>Id.</u>  An applicant must show more than an absence
14  of frivolity or the existence of mere good faith; however, the
15  applicant need not show that the appeal will succeed. <u>Miller-El v.</u>
16  <u>Cockrell</u>, 537 U.S. at 338.

17      Here, it does not appear that reasonable jurists could debate
18  whether the motion  should have been resolved in a different manner.
19  Petitioner has not made a substantial showing of the denial of a
20  constitutional right.  Accordingly, the Court will decline to issue
21  a certificate of appealability.

22      IV. <u>Disposition</u>
23      Based on the foregoing, it is ORDERED that:
24      1)  The Court DISREGARDS Petitioner's purported objections;
25      2)  Petitioner's motion for reconsideration is DISMISSED and
26  DENIED; and
27  ///
28  ///

8

1    3)   The Court DECLINES to issue a certificate of appealability.

2

3  IT IS SO ORDERED.

4    Dated:   **February 27, 2015**                     **/s/ Sheila K. Oberto**

5                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28