UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMENIO HUERRA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br><br>TIMOTHY BUSBY, Warden,<br><br>　　　　　Respondent. | Case No. 1:11-cv-01911-SKO HC<br><br>ORDER DISMISSING MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)<br><br>(Doc. 23) |

　　　　Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves to alter or amend the July 28, 2014, order denying his petition and entering judgment for Respondent.[1]  The motion "addresses some, but not all, of the grounds in his original petition." Doc. 23 at 1.

　　　　A post-judgment motion seeking a substantive change to a court's decision is properly addressed under F.R.Civ.P. 59(e).  *Id.*  Its drafters intended a Rule 59(e) motion "'to mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982), *quoting* Notes of the Advisory Committee on 1946 Amendment to Rules, 28 U.S.C. at 491, 5 F.R.D. 433, 476 (1946).  A motion to alter or amend under Rule

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment.

1

59(e) seeks to correct substantive judicial error: It may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008).  The pendency of a Rule 59 motion suspends the time for appeal.  *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976).

A Rule 59(e) motion must be filed within 28 days after the entry of judgment.  F.R.Civ.P. 59(e).  The Court may not extend the time to file.  F.R.Civ.P. 59(e).  In this case, the 28-day period for filing a Rule 59(e) motion expired on August 28, 2014.  The Court may not further extend the time period for filing a motion under Rule 59(e).

Accordingly, Petitioner's motion to alter or amend the July 28, 2014, judgment is hereby DISMISSED as untimely.

IT IS SO ORDERED.

Dated:   **October 25, 2015**                               **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

2